# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **JANAE MILLER** and **TYLOR ARMSTRONG**, on behalf of themselves and others similarly situated, | : <br> : <br> : <br> : |
| **Plaintiffs**, | : <br> : |
| v. | : CASE NO. 2:21-cv-3978 <br> : <br> : JUDGE |
| **HG OHIO EMPLOYEE HOLDING CORP.**, <br> c/o Casscorp, Inc. <br> 1661 Old Henderson Road <br> Columbus, OH 43220 | : <br> : MAGISTRATE JUDGE <br> : <br> : **JURY DEMAND ENDORSED** <br> : **HEREON** <br> : |
| -and- | : |
| **HG OHIO OPERATIONS LLC**, <br> c/o Casscorp, Inc. <br> 1661 Old Henderson Road <br> Columbus, OH 43220 | : <br> : <br> : <br> : |
| -and- | : |
| **HG OHIO CORPORATION**, <br> c/o Corporate Agents, Inc. <br> 30195 Chagrin Boulevard <br> STE. 300 <br> Cleveland, OH 44124 | : <br> : <br> : <br> : <br> : |
| -and- | : |
| **HOLLAND MANAGEMENT, INC.**, <br> c/o J Jeffrey Holland <br> PO Box 345 <br> Sharon Center, OH 44274 | : <br> : <br> : <br> : |
| **Defendants**. | : |

**PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Plaintiffs Janae Miller ("Named Plaintiff Miller") and Tylor Armstrong ("Named Plaintiff Armstrong") (collectively "Named Plaintiffs") individually and on behalf of other members of the general public similarly situated, for their complaint against Defendants HG Ohio Employee Holding Corp. ("HG Holding"), HG Ohio Operations LLC ("HG Operations"), HG Ohio Corporation ("HG Corp."), and Holland Management, Inc. ("Holland") (collectively "Defendants") for their failure to pay employees wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.03 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b), and the claims pursuant to O.R.C. § 4111.03 and the OPPA are brought as a class action pursuant to Rule 23. Named Plaintiffs, individually and on behalf of others similarly situated, hereby states as follows:

**I.      JURISDICTION AND VENUE**

1. This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants' principal place of business is in the Southern District of Ohio.

## II. PARTIES

### Plaintiffs

#### Janae Miller

4. Named Plaintiff Miller is an individual, a United States citizen, and a resident of the State of Ohio.

5. Named Plaintiff Miller was employed by Defendants beginning in or around August 2017 and to the present.

6. Named Plaintiff Miller primarily worked as an hourly, non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts.

7. At all times relevant, Named Plaintiff Miller was a State Tested Nursing Assistant ("STNA") primarily at Defendants' Brookview Healthcare Center facility.[1]

8. Although Named Plaintiff Miller began her employment when the Brookview Healthcare Center was owned and operated by Defendants' predecessor in interest, Defendants continued the same business, employed substantially the same workforce, the same supervisors, for the same jobs, under the same conditions, used the same equipment, and provided the same service as their predecessor(s) in interest. Moreover, Defendants operate out of the same principal place of business.

#### Tylor Armstrong

9. Named Plaintiff Armstrong is an individual, a United States citizen, and a resident of the State of Ohio.

---

[1] Defendants' Brookview Healthcare Center facility was previously owned and operated by Healthcare Ventures of Ohio, LLC ("HVO"), Peregrine Health Services, Inc. ("Peregrine"), and other related entities ("HVO Defendants"). Substantially the same allegations were made against the HVO Defendants in *Shiflet v. Healthcare Ventures of Ohio, LLC, et al*, Case No. 2:20-cv-3428 (the "*Shiflet* Case").

10. Named Plaintiff Armstrong was employed by Defendants beginning in or around April 2019 and until April 2021.

11. Named Plaintiff Armstrong primarily worked as an hourly, non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts.

12. At all times relevant, Named Plaintiff Armstrong was a nurse who worked at Defendants' Gardens of Paulding and Brookview Healthcare Center facilities.[2]

13. Although Named Plaintiff Armstrong was employed when the Gardens of Paulding and Brookview Healthcare Center were owned and operated by Defendants' predecessor in interest, Defendants continued the same business, employed substantially the same workforce, the same supervisors, for the same jobs, under the same conditions, used the same equipment, and provided the same service as their predecessor(s) in interest. Moreover, Defendants operate out of the same principal place of business as their predecessor(s) in interest.

14. Named Plaintiffs bring this action on their own behalf and on behalf of those similarly situated, and they have given their written consents to bring this collective action to recover unpaid overtime under the FLSA and to recover unpaid overtime under the Ohio Wage Act. Named Plaintiffs' consents are being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). *Consents to be Party Plaintiff*, attached hereto as **Exhibit A**. Named Plaintiffs also file completed Consent to Join forms for Bettijo Kinney, Julie Burd, Keonna Hutcherson, Raquel Derian, Rosa Hartman, and Teneatha Eaton. *See* **Exhibit B**.

**Defendants**

15. HG Holding is a corporation for profit.

---

[2] In addition to Defendants' Brookview Healthcare Center facility, Defendants' Gardens of Paulding facility was previously owned and operated by the HVO Defendants. Substantially the same allegations were made against the HVO Defendants in *Shiflet v. Healthcare Ventures of Ohio, LLC, et al*, Case No. 2:20-cv-3428 (the "*Shiflet* Case").

16. HG Operations is a domestic limited liability company.

17. HG Corp. is a corporation for profit (hereinafter, HG Holding, HG Operations, and HG Corp. will be referred to collectively as "HG Entities").

18. HG Entities provide community-based senior living communities, which are located throughout Ohio, that offer independent and assisted living, rehabilitation, skilled and restorative nursing, dementia and behavioral care, respiratory care, and long-term care to their residents.[3]

19. HG Entities own and operate at least twelve (12) senior living communities to provide these services to their residents.[4]

20. Holland is a corporation for profit.

21. Holland has over 35 years' experience in the housing, health care, and property management industry and provides senior apartments, assisted living, rehabilitative therapy, skilled nursing, home health care, family vacation lodge, and country club management.[5]

22. Because the work performed by Named Plaintiffs and all other hourly healthcare employees benefited HG Entities and Holland, and directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Named Plaintiffs and other similarly situated employees under the FLSA's broad definition of "employer." In the alternative, Defendants constitute a single integrated enterprise.

---

[3] *See* HG CARES, http://www.hgohio.com/index.html (last visited July 19, 2021).
[4] Upon information and belief, HG Entities' facilities include but may not be limited to: Autumn Court, Brookview Healthcare Center, Columbus Alzheimers Care Center, The Convalarium, Cridersville Healthcare Center, The Gardens at Celina, The Gardens at Paulding, The Gardens at St. Henry, The Gardens at Wapakoneta, Heatherdowns Rehab & Residential Center, McCrea Manor Nursing & Rehab Center, and Oak Grove Manor.
[5] *See* HOLLAND MANAGEMENT, http://www.hollandmgmt.com/ (last visited July 19, 2021).

23. At all relevant times, Defendants suffered or permitted Named Plaintiffs and other similarly situated healthcare employees to work. The work that Named Plaintiffs and other similarly situated healthcare employees performed was for Defendants' primary benefit.

24. Defendants are/were a single integrated enterprise or joint employers of Named Plaintiffs and all other similarly situated healthcare employees at all of their locations as defined in, or for the purposes of, the FLSA and the Ohio Acts.

25. Defendants maintain interrelated operations, centralized control of labor relations, common management, common ownership, and common financial control.

26. Defendants have authority to and do hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records. Defendants form a "single employer" because they are part of a single integrate enterprise and/or they are joint employers as they jointly operate and provide healthcare services, and they maintain interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

27. Defendants have substantial control over Named Plaintiffs' and similarly situated employees' working conditions and over the unlawful policies and practices alleged herein.

28. Defendants maintained control, oversight, and direction over Named Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

29. Upon information and belief, Defendants apply or cause to be applied substantially the same employment policies, practices, and procedures to all employees at all of their locations and under all of their entities, including both the named and unnamed entities and policies,

practices, and procedures relating to payment of minimum wages, overtime wages, timekeeping, and meal deductions.

30. Defendants operate, control, enterprise, and employ healthcare employees engaged in commerce or in the production of goods for commerce, or they have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

31. At all times relevant hereto, Defendants were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

## III.  FACTS

32. Defendants employ Registered Nurses ("RNs"), Licensed Practical Nurses ("LPNs"), State Teste Nursing Assistants ("STNAs"), and other direct care healthcare employees (collectively referred to as "healthcare employees").

33. Defendants require a daily meal deduction, generally thirty (30) minutes, from Named Plaintiffs' and other healthcare employees' compensable hours worked on each shift under thirteen (13) hours for a meal break regardless of whether they actually took an uninterrupted 30-minute meal break.

34. Further, Defendants require another 30-minute deduction from Named Plaintiffs' and other healthcare employees' compensable hours worked when their shift lasted thirteen (13) or more hours.

35. Named Plaintiffs and Defendants' other healthcare employees were regularly unable to take a meal break; however, Defendants still applied a daily meal break deduction.

36. Defendants knew or had reason to know they were not compensating Named Plaintiffs and other healthcare employees for working during their meal breaks.

37. Defendants did not have an effective process or otherwise did not properly implement an effective process for reporting a missed meal break and receiving compensation for it. For example, Named Plaintiffs and other healthcare employees were able to submit a missed meal break form; however, Defendants regularly applied the meal break deduction even if an employee submitted a missed break form. More often than not, Defendants still applied a meal deduction even when Named Plaintiffs and other healthcare employees submitted a missed meal break form.

38. On one or more occasions, Named Plaintiffs and other similarly situated healthcare employees worked more than forty (40) hours in given workweeks.

39. During relevant times, Defendants suffered and permitted the Named Plaintiffs and similarly situated healthcare employees to work more than forty (40) hours in workweeks while not compensating them for all such hours worked over forty (40) at a rate of at least one-and-one-half times (1.5x) their regular rates of pay because of Defendants' failure to pay for all hours worked because of the meal deduction policy or practice.

## IV. FLSA COLLECTIVE ALLEGATIONS

40. The Named Plaintiffs bring their FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other similarly situated employees of the opt-in class. The FLSA overtime collective consists of the following:

> All current and former hourly, non-exempt healthcare employees of Defendants who had a meal break deduction applied during any workweek in which they were paid for at least forty (40) hours of work in the three (3) years preceding the filing of this Complaint and continuing through the final

        disposition ("FLSA Collective" or "FLSA Collective Members").

41. Named Plaintiffs and putative FLSA Collective Members were all subject to the same policies or practices described above which resulted in unpaid overtime.

42. During the last three (3) years, Defendants have not paid Named Plaintiffs and other similarly situated healthcare employees all overtime wages earned for the overtime work they performed.

## V. RULE 23 CLASS ALLEGATIONS

43. The Named Plaintiffs bring their Ohio Wage Act claims pursuant to Federal Rule of Civil Procedure 23 as a class action on behalf of themselves and all other members of the following subclasses:

> All current and former hourly, non-exempt healthcare employees of Defendants who had a meal break deduction applied during any workweek in which they were paid for at least forty (40) hours of work in the two (2) years preceding the filing of this Complaint and continuing through the final disposition ("Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").

44. The Ohio Rule 23 Class includes all current or former non-exempt healthcare employees employed by Defendants throughout the State of Ohio as defined above.

45. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

46. Named Plaintiffs are members of the Ohio Rule 23 Class, and their claims for unpaid overtime wages are typical of the claims of other members of the Ohio Rule 23 Class.

47. Named Plaintiffs will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

48. Named Plaintiffs have no interests that are antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that they have undertaken to represent.

49. Named Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

50. Questions of law and fact are common to the Ohio Rule 23 Class.

51. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

52. Class certification is appropriate under Rule 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiffs and the Ohio Rule 23 Class as a whole.

53. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

54. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class certain overtime wages for hours worked in excess of forty (40) hours per week; (b) whether Defendants kept accurate records of the amount of time the Ohio Rule 23 Class was working each day; (c) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiffs and other members of the Ohio Rule 23 Class on account

of Defendants' violations of the Ohio Wage Act; and (e) what amount of prejudgment interest is due to Ohio Rule 23 Class Members for overtime or other compensation that was withheld or otherwise not paid to them.

55. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiffs and their counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

56. All of the preceding paragraphs are realleged as if fully rewritten herein.

57. This claim is brought as part of a collective action by Named Plaintiffs on behalf of themselves and the FLSA Collective.

58. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

59. During the three (3) years preceding the filing of this Complaint, Defendants employed Named Plaintiffs and the FLSA Collective Members.

60. Named Plaintiffs and the FLSA Collective Members worked in excess of forty (40) hours in one or more workweek(s).

61. Named Plaintiffs and the FLSA Collective Members were not fully and properly paid all overtime wages earned because Defendants took daily meal deductions regardless of whether employees received an uninterrupted meal break.

62. Defendants violated the FLSA with respect to Named Plaintiffs and the FLSA Collective by, *inter alia*, failing to compensate them at one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) hours in a workweek as described herein.

63. Named Plaintiffs and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

64. Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the FLSA Collective Members are entitled.

65. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Named Plaintiffs and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

66. As a direct and proximate result of Defendants' conduct, Named Plaintiffs and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of themselves and the FLSA Collective Members.

## SECOND CAUSE OF ACTION:
## O.R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME

67. All of the preceding paragraphs are realleged as if fully rewritten herein.

68. This claim is brought under the Ohio Wage Act.

69. Named Plaintiffs and the Ohio Rule 23 Class Members have been employed by Defendants, and Defendants are employers covered by the overtime requirements under the Ohio Wage Act.

70. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

71. Named Plaintiffs and the Ohio Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03 but were not paid the required overtime wages for all of such time spent working because Defendants took daily meal deductions regardless of whether employees received an uninterrupted 30-minute meal break.

72. Named Plaintiffs and the Ohio Rule 23 Class Members were not exempt from the wage protections of Ohio Law.

73. Defendants' repeated and knowing failures to pay overtime wages to Named Plaintiffs and the Ohio Rule 23 Class Members were violations of O.R.C. § 4111.03, and as such, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the Ohio Rule 23 Class Members were entitled.

74. For Defendants' violations of O.R.C. § 4111.03, by which Named Plaintiffs and the Ohio Rule 23 Class Members have suffered and continue to suffer damages, Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of themselves and the Ohio Rule 23 Class Members.

**THIRD CAUSE OF ACTION:**
**O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION**

75. All of the preceding paragraphs are realleged as if fully rewritten herein.

76. Named Plaintiffs and the Ohio Rule 23 Class Members were employed by Defendants.

77. During all relevant times, Defendants were entities covered by the OPPA, and Named Plaintiffs and the Ohio Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

78. The OPPA requires Defendants to timely pay Named Plaintiffs and the Ohio Rule 23 Class Members all wages, including unpaid overtime, pursuant to O.R.C. § 4113.15(A).

79. During relevant times, Named Plaintiffs and the Ohio Rule 23 Class Members were not paid all wages, including minimum and overtime wages at one-and-one-half times their regular rate of pay within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

80. The Named Plaintiffs and the Ohio Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

81. In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## FOURTH CAUSE OF ACTION:
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

82. All of the preceding paragraphs are realleged as if fully rewritten herein.

83. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also* 29 C.F.R. §§ 516.2 *et seq.* (stating same).

84. During times material to this complaint, Defendants were covered employers and required to comply with the Ohio Wage Act's mandates.

85. Named Plaintiffs and the Ohio Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

86. During times material to this complaint, Defendants violated the Ohio Wage Act with respect to Named Plaintiffs and the Ohio Rule 23 Class Members by failing to properly maintain accurate records of all hours that Named Plaintiffs and the Rule 23 Class Members worked each workday and within each workweek.

87. In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## VII. **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiffs request judgment against Defendants for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Ohio Rule 23 Class under the Ohio Acts;

D. Finding that Defendants failed to keep accurate records in accordance with the Ohio Wage Act and that as a result, Named Plaintiffs, the FLSA Collective Members, and the Ohio Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

E. Awarding to Named Plaintiffs and the FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Named Plaintiffs and the Ohio Rule 23 Class unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the Ohio Wage Act;

G. Awarding to Named Plaintiffs and the Ohio Rule 23 Class liquidated damages allowed by the OPPA;

H. Awarding to Named Plaintiffs, the FLSA Collective Members, and the Ohio Rule 23 Class costs and disbursements and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

I. Awarding to Named Plaintiffs, the FLSA Collective Members, and the Ohio Rule 23 Class such other and further relief as the Court deems just and proper;

J. Granting Named Plaintiffs leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K. Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

            Respectfully submitted,

            **COFFMAN LEGAL, LLC**

            */s/ Matthew J.P. Coffman*
            Matthew J.P. Coffman (0085586)
            Adam C. Gedling (0085256)
            Kelsie N, Hendren (100041)
            1550 Old Henderson Road, Suite 126
            Columbus, Ohio 43220
            Phone: 614-949-1181
            Fax: 614-386-9964
            Email: mcoffman@mcoffmanlegal.com
               agedling@mcoffmanlegal.com
               khendren@mcoffmanlegal.com

            *Attorneys for Named Plaintiffs and those similarly situated*

## **JURY DEMAND**

Named Plaintiffs request a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman
