UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JANAE MILLER, *et al.*, on behalf of
themselves and others similarly situated,

                Plaintiffs,

  v.

HG OHIO EMPLOYEE HOLDING
CORP., *et al.*,

                Defendants.

Case No. 2:21-cv-3978
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

**OPINION AND ORDER**

This matter is before the Court on the Joint Motion to Approve Settlement in this Fair Labor Standards Act ("FLSA") Collective Action. (ECF No. 68.) For the reasons that follow, the Court **GRANTS** the Parties' Joint Motion.

Plaintiffs Janae Miller and Tylor Armstrong (collectively "Representative Plaintiffs") brought the above-captioned action (the "Action") against Defendants HG Ohio Employee Holding Corp., HG Ohio Operations LLC, and Holland Management, Inc. for unpaid overtime wages and other relief under the FLSA and analogous state laws. (Am. Compl., ECF No. 10.) Representative Plaintiffs allege that Defendants violated the FLSA by failing to pay their hourly, non-exempt healthcare employees for meal breaks that were either never taken or were interrupted or shortened by substantive job duties. Defendants deny these allegations and assert that they have properly paid their hourly non-exempt healthcare employees for all hours worked.

The Action was conditionally certified as a collective action, and a total of 192 healthcare employees, including Representative Plaintiffs, have joined the Action.[1] (ECF No. 33.) The Parties participated in discovery and settlement negotiations before attending a private mediation

---

[1] Representative Plaintiffs and all Opt-In Plaintiffs are referred to collectively as "Plaintiffs."

1

with a well-respected mediator, Jerome Weiss. While the Parties did not reach a settlement during the mediation, the Parties continued their settlement negotiations in the weeks thereafter and ultimately reached a settlement of which they now move for approval.

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 U.S. Dist. LEXIS 67887, at *6, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (Black, J.) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 U.S. Dist. LEXIS 166605, at *7, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (Dlott, J.) (applying the same factors to an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 U.S. Dist. LEXIS 129506, at *2, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at *3. Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

Having reviewed the settlement agreement, the Parties' Joint Motion for Approval of

FLSA Collective Action Settlement and Dismissal with Prejudice ("Motion"), and the declaration of Attorney Adam C. Gedling, and for good cause established therein, the Court hereby approves the settlement of the FLSA claims as provided in the agreement as follows:

1. Unless otherwise defined, all terms in this Order have the same meaning as defined in the settlement agreement.

2. On July 19, 2021, Representative Plaintiffs, on behalf of themselves and other similarly situated healthcare employees, filed a Complaint (the "Action") against Defendants for violations of the FLSA and Ohio law. (Compl., ECF No. 1.)

3. Representative Plaintiffs allege that Defendants failed to pay their employees all overtime wages earned because employees were not paid for time spent working during meal breaks when they were either clocked out of work or a meal break deduction was otherwise applied to their compensable hours worked. (*Id.*)

4. Defendants deny these allegations and assert that they have properly paid their hourly healthcare employees, including Representative Plaintiffs, for all hours worked.

5. On July 7, 2022, the Court issued an Opinion and Order granting Representative Plaintiffs' Pre-Discovery Motion for Conditional Class Certification and Court-Authorized Notice to Opt-In Plaintiffs Pursuant to 29 U.S.C. § 216(b). (ECF No. 33.) Thereafter, Notice and Consent forms were issued to the putative collective members. (*See* ECF No. 35.) Following the notice period, 192 total plaintiffs, including Representative Plaintiffs, joined the Action.

6. The Parties agreed to mediate the Action with Jerome Weiss on April 11, 2023. Prior to the mediation, Defendants provided payroll and timekeeping records for Plaintiffs.

Plaintiffs' counsel hired an analyst to construct a damages analysis using data provided by Defendants. While the Parties did not reach a settlement during mediation, they continued to engage in settlement discussions in the weeks thereafter, and, with the assistance of the mediator, the Parties were ultimately able to settle Plaintiffs' claims.

7. The Parties continue to disagree about aspects of the case, including whether the meal periods were interrupted with job duties, whether overtime compensation was owed, and whether liquidated damages are appropriate.

8. There is no indication that the settlement was reached by anything other than arms' length and good faith negotiations between the Parties and their counsel. The settlement will avoid expensive litigation for both sides, including comprehensive formal discovery, dispositive motions, trial, and possible appeals.

9. After a careful review of the proposed settlement agreement, the Court finds that the agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute pursuant to the FLSA. 29 U.S.C. § 216(b).

10. Although the Parties dispute both the existence and amount of unpaid overtime, based upon Representative Plaintiffs' calculations, individual settlement payments reflect approximately 90.6% of their calculated alleged missed or interrupted or shortened meal break overtime damages based on each Plaintiff having 50% of their meal breaks missed, interrupted, or shortened. (ECF No. 68.)

11. Plaintiffs' settlement payments are reasonable considering precedent in FLSA collective action cases in this District. *E.g., Myres v. Hopebridge, LLC,* No. 2:20-cv-5390, 2023 WL 2399056, 2023 U.S. Dist. LEXIS 41294, at *14 (S.D. Ohio Feb. 21, 2023) (approving settlement payments of 76.5% of the potential recovery and noting that 76.5% was

more than fair and reasonable); *Vigna*, 2016 WL 7034237, at *2 (S.D. Ohio Dec. 2, 2016) (approving FLSA settlement where individual payments represented 55% of wages owed).

12. Moreover, the Court approves the requested attorneys' fees of $53,333.33, which represents one-third of the total settlement amount, as reasonable. One-third of the total settlement is a typical percentage of the settlement fund awarded to attorneys in this District. *Adams v. Frontier R.R. Servs., LLC*, No. 2:19- CV-808, 2020 U.S. Dist. LEXIS 255626, 2020 WL 9936704, at *2 (S.D. Ohio June 15, 2020) (Morrison, J.) (finding attorneys' fees in the amount of one-third of the total settlement amount are reasonable); *Campbell v. Wise Med. Staffing, Inc.*, No. 2:18-CV-00493, 2020 U.S. Dist. LEXIS 253264, 2020 WL 9259704, at *2 (S.D. Ohio Feb. 21, 2020) (Morrison, J.) (same); *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 U.S. Dist. LEXIS 160792, 2019 WL 4574509, at *7–8 (S.D. Ohio Sept. 20, 2019) (Morrison, J.) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District."); *Bailey v. Black Tie Mgmt. Co, LLC*, No. 2:19-cv-1677, 2020 U.S. Dist. LEXIS 144274, 2020 WL 4673163, at *5 (S.D. Ohio Aug. 12, 2020).

13. The Court also approves the requested reimbursement of out-of-pocket costs in the amount of $13,827.90 as outlined in the declaration submitted with the Motion. (ECF No. 68-3, at PageID 720.)

14. The Court also approves the payment to the Settlement Administrator to administer the agreement.

15. The Court orders that distributions to Plaintiffs, attorneys' fees, and expenses be distributed in the manner, and subject to the terms and conditions, set forth in the agreement.

The Parties' joint motion for FLSA Settlement Approval (ECF No. 68) is **GRANTED**. The Settlement Agreement (ECF No. 68-1) is **APPROVED**, and the case is **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to **ENTER JUDGMENT** and **CLOSE** this case.

    **IT IS SO ORDERED.**

**11/21/2023**                                   <u>s/Edmund A. Sargus, Jr.</u>
**DATE**                                          **EDMUND A. SARGUS, JR.**
                                                       **UNITED STATES DISTRICT JUDGE**